UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW LITTLE,

          Plaintiff,

   v.

KITSAP TRANSIT, BILL RATHKE, and JANE DOE,

          Defendants.

CASE NO. C08-5010RJB

ORDER DISMISSING CASE

On November 25, 2008, the Court issued an Order Granting Defendants' Motion for Summary Judgment on Reconsideration. Dkt. 43. In that Order, the Court ordered the parties to show cause why the Court should not decline to exercise supplemental jurisdiction over the remaining state law claims pursuant to 18 U.S.C. § 1367(c)(3). This matter comes before the Court on the parties' responses to the Court's order to show cause. The Court has considered the parties' pleadings in response to the order and the remainder of the file herein.

The Court ordered the parties to file responses to show cause order, if any they may have, by December 15, 2008. The Court set the deadline for filing replies for December 19, 2008, the same day on which the matter was noted for consideration.

On December 15, 2008, Defendants filed a Response to the Court's Order to Show Cause Re Supplemental Jurisdiction. Dkt. 44. In their response, Defendants stated that they "have no opposition to this Court declining supplemental jurisdiction over these state law claims and dismissing them with prejudice." Dkt. 44, at 2.

ORDER - 1

1 | Plaintiff did not file a response to the Court's order to show cause.

2 | Under 28 U.S.C. § 1367, a federal court may assume supplemental jurisdiction over all other claims that are so related to claims in the action within the original jurisdiction so that they form part of the same case or controversy. The Court may decline to exercise this supplemental jurisdiction if (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). Here, the Court has dismissed all claims over which it had original jurisdiction, and Defendants' counterclaims raise issues of state law.

The Court, in its order to show cause, notified the parties that their failure to respond to the order, or failure to otherwise show cause as directed, would result in the dismissal of the state law claims *without prejudice*. Dkt. 43, at 17. Defendants, in their response to the order to show cause, state that they do not oppose the Court declining supplemental jurisdiction and dismissing the state law claims *with prejudice*. Dkt. 44, at 2. Those claims, however, should be dismissed without prejudice so that the claims may be raised in state court.

Therefore, it is hereby

**ORDERED** that the remaining state law claims are **DISMISSED WITHOUT PREJUDICE**, and this case is **DISMISSED**.

DATED this 31st day of December, 2008.

ROBERT J. BRYAN
United States District Judge

ORDER - 2